UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELL LOVE and
SHEIKESS M. LOVE BEY I,

      Plaintiffs,

v.

MICHIGAN PROPERTY RESOURCES
et al.,

      Defendants.
_____/

Case No. 2:23-cv-12944

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (ECF No. 36); STRIKING SECOND AMENDED COMPLAINT (ECF No. 38); AND DISMISSING *IN FORMA PAUPERIS* COMPLAINT FOR FAILURE TO PROSECUTE (ECF No. 6)**

Despite their determination, Plaintiffs have repeatedly failed to follow the basic requirements for service of process, resulting in numerous improper filings and disregarded court instructions. Thus, Plaintiffs' procedural quagmire must be untangled for the second time. For failure to prosecute, the case will be dismissed.

## I. BACKGROUND

On November 20, 2023, Plaintiffs Michell Love and Sheikess M. Love Bey I sued Michigan Property Resources and Angela W. Montgomery, alleging perjury and fraud under 18 U.S.C. §§ 1001, 1621. *See* ECF No. 1. Plaintiffs had also applied to proceed without prepaying fees or costs. ECF No. 2.

Plaintiffs amended their complaint by right. ECF No. 6. Then they filed dozens of certificates of service, none of which satisfied the service requirements of Civil Rule 4. ECF No. 30 at PageID.390. This Court granted Plaintiffs' *in forma pauperis* application and directed the United States Marshals Service to serve Defendants. ECF Nos. 10; 11.

Plaintiffs next improperly filed a second amended complaint, ECF No. 21, along with various motions, including an emergency motion to freeze Defendants' assets, a motion for summary judgment, and multiple motions for default judgment, *see* ECF Nos. 17–19; 26–27.

On May 7, 2024, this Court struck Plaintiffs' second amended complaint for lack of leave, dismissed seven defendants as improperly joined, denied Plaintiffs' motions without prejudice, and directed Plaintiffs to serve process with instructions for how to do so. *See* ECF No. 30 at PageID.393–95.

On May 15, 2024, Plaintiffs submitted an "Affidavit and Supplemental Brief" in response to this Court's May 7th order. ECF No. 35. In their brief, Plaintiffs attempt to explain why they did not properly served Defendants. They say that Defendants deliberately used only their P.O. Box for court proceedings and rejected mail after repeated delivery attempts, that the addresses provided by Defendants on public and state records either were false or resulted in unclaimed mail, and that an error by the Marshals Service complicated service of process. *Id.* at PageID.424–25.

Nonetheless, it is undisputed that—despite this Court's instructions—Plaintiffs to date have still failed to perfect service. Instead, they filed another second amended complaint without leave, ECF No. 38, along with a redundant application to proceed without prepaying, ECF No. 39; *see also* ECF No. 10 (granting leave to proceed *in forma pauperis*). Plaintiffs also move for reconsideration of the May 7th order, ECF No. 36, and for change of venue, ECF No. 41.[1]

## II. PLAINTFFS' MOTION FOR RECONSIDERATION

### A. Standard of Review

Motions for reconsideration of nonfinal orders are disfavored and may be granted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that could not have been previously discovered warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

### B. Analysis

Plaintiffs present no intervening change in controlling law or new facts. They merely argue that this Court misunderstood the discrepancies in their financial affidavits. ECF No. 36 at PageID.443. Not so.

---

[1] The venue motion is moot for failure to prosecute. *Mathis v. Comm'r of Soc. Sec.*, No. 3:20-CV-02621, 2021 WL 9772770, at *2 (N.D. Ohio Mar. 12, 2021).

Plaintiffs now say they receive $1,383 monthly in Social Security benefits while paying $1,400 in monthly expenses. ECF No. 39 at PageID.626–27.

But that information does not reconcile with their assertion in another pending case "that they receive monthly income of approximately $1,209.00 while incurring monthly expenses of approximately $550.00," *Love v. Campbell*, No. 2:24-CV-10556 (E.D. Mich. filed June 14, 2024), ECF No. 13 at PageID.93. Moreover, plaintiffs do not provide any documentation on their monthly expenses in either case.

In any event, their new representations do not indicate any error in this Court's prior decision, so there is no mistake warranting reconsideration. *See Good v. BioLife Plasma Servs.*, 647 F. Supp. 3d 555, 559–60 (E.D. Mich. 2022) ("In sum, the purported mistake must be some substantive error in the court's legal analysis or factual findings based on the record at the time of the decision—it cannot be the outcome itself." (citing *McNeal v. Found. Radiology Grp.*, 636 F. Supp. 3d 794, 795–96 (E.D. Mich. 2022))). Accordingly, Plaintiffs' motion for reconsideration is denied.

### III. PLAINTIFFS' SECOND SECOND AMENDED COMPLAINT

After Plaintiffs' second amended complaint was denied for being filed without leave, *see* ECF No. 30 at PageID.390–91, Plaintiffs refiled their second amended complaint without leave, *see* ECF No. 38.

Despite recognizing the need to file a motion for leave, Plaintiffs did not request leave to refile the second amended complaint. *See* ECF No. 35 at PageID.422 ("Plaintiff understands and affirms and is in preparation of application to leave to re-amend complaint at time of filing this affidavit."). So it will be stricken—again. *See* FED. R. CIV. P. 12(f)(1); FED. R. CIV. P. 15(a)(1)–(2).

### IV. *SUA SPONTE* DISMISSAL

#### A. Standard of Review

After making certain findings under Civil Rule 41(b), "[t]his Court may dismiss a complaint *sua sponte* for failure to prosecute." *United States v. Wallace*, 592 F. Supp. 3d 612, 614 (E.D. Mich. 2021) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–32 (1962)). But first this Court must "put the derelict parties on notice that further noncompliance would result in dismissal." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005) (quoting *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)); *see also* E.D. Mich. LR 41.2 ("[W]hen it appears . . . that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown.").

Proper service of process is fundamental for this Court to exercise jurisdiction over Defendants. *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *3 (6th Cir. Oct. 24, 2022) (citing *Canaday v. Anthem Cos.*, 9 F.4th 392, 395 (6th Cir.

2021)). Civil Rules 4(m) and 41(b) mandate dismissal if service is not completed within the allotted time, unless good cause is shown for the failure. *See Koehn v. 313 Presents, LLC*, 649 F. Supp. 3d 465, 467 (E.D. Mich. 2023) (citing *Friedman v. Est. of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)).

### B. Analysis

Plaintiffs' repeated failure to comply with this Court's directives requires dismissal. Despite clear instructions and more than a month to comply with them before today, Plaintiffs have not perfected service of process. This Court previously directed Plaintiffs to serve process on Defendants and to file proof of service by May 20, 2024, as follows:

> Without personal service, Plaintiffs had to serve process on the Michigan corporation by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." Mich. Ct. R. 2.105(A); *see* FED. R. CIV. P. 4(h)(1); FED. R. CIV. P. 4(e)(1). To that end, "[a] copy of the return receipt signed by the defendant must be attached to proof showing service." Mich. Ct. R. 2.105(A)(2). The same requirements apply to service of process with respect to Defendant Angela W. Montgomery. *See* FED. R. CIV. P. 4(e); Mich. Ct. R. 2.105(A). However, neither certified mailing sought a return receipt or was filed with a return receipt signed by a defendant. *See* ECF Nos. 13; 14.

ECF No. 30 at PageID.391–92. So the requisite factors will be examined. *See Wallace*, 592 F. Supp. 3d at 614.

- 6 -

### 1. Willfulness, Bad Faith, or Fault

The record demonstrates a pattern of noncompliance and disregard for procedural rules. Plaintiffs were given clear instructions on multiple occasions regarding the proper steps to perfect service of process and to correct deficiencies in their filings. Despite these instructions, Plaintiffs failed to comply and continued to submit improper filings, suggesting not mere unawareness of legal procedure but a willful disregard for the rules and this Court's orders.

### 2. Prejudice to Defendants

Plaintiffs' failure to serve Defendants properly and their repeated filing of improper motions have caused unnecessary delays that would not only force Defendants to respond to procedurally defective pleadings but also hinder their ability to advance an effective defense. This undue delay and burden would prejudice Defendants if they eventually were to receive proper service of process.

### 3. Warning of Potential Dismissal

Plaintiffs were warned that failure to comply would result in dismissal. This Court's opinion and order dated May 7, 2024, explicitly warned Plaintiffs that their case would be dismissed if they did not perfect service and pay the required filing fees. *See* ECF No. 30 at PageID.394–95. Plaintiffs failed to act accordingly despite ample opportunity and clear instructions.

### 4. Consideration of Less Drastic Sanctions

Less drastic sanctions were considered and imposed before dismissal. This Court took several steps short of dismissal, including requiring Plaintiffs to pay to serve process, denying motions without prejudice, and granting extensions to correct deficiencies. Despite these lenient measures, Plaintiffs did not exercise the necessary diligence to comply with procedural requirements or court orders.

Given Plaintiffs' willful noncompliance, prejudice to Defendants, clear warnings, and the use and consideration of less drastic measures, dismissal is appropriate under Civil Rules 4(m) and 41(b).

### 5. Good Cause

Although Plaintiffs have not explicitly provided good cause for their failures, this Court has attempted and failed to discern it. Plaintiffs say they were unable to perfect service because the addresses were unavailable. *See* ECF No. 35 at PageID.423–24. But that is not true. A simple search reveals that the registered agent for Defendant Michigan Property Resources is Thomas E. Dew, whom Plaintiffs never attempted to serve. *See* Mich. Dep't of Licensing and Regul. Affs., *Search for a Business Entity*, https://cofs.lara.state.mi.us/SearchApi/Search/Search [https://perma.cc/SCU2-4FGZ] (searching for "Michigan Property Resources").[2]

---

[2] "Courts may take 'judicial notice of an adjudicative fact' under Federal Rule of Evidence 201(b)(2)." Matthew N. Preston II, *The Tweet Test: Attributing*

Similarly, a physical address for Defendant Angela Montgomery, the attorney for Michigan Property Resources, is available on her public profile with the Livonia Bar Association. *See* Livonia Bar Ass'n, *Location*, https://livoniabar.org/listings/angela-montgomery/ [https://perma.cc/8F52-AZFX]. Rather than do two simple internet searches, Plaintiffs repeatedly served numerous P.O. Boxes to no avail.

The only other semblance of good cause is Plaintiffs' seeming argument that this Court has personal jurisdiction over Defendants because this case was removed from state court. As stated in the second second amended complaint that is being stricken, *see* discussion *supra* Part III, Plaintiffs assert that they removed this case from state court, *see* ECF No. 35 at PageID.423 ("[T]his is a removed case from said state case."); *see also* ECF No. 38 at PageID.462 ("No proper lawful proceedings or orders were held prior to removal of [*Michigan Property Resources v. Love*, No. 23357826 (Mich. 36th Dist. Ct. Wayne Cnty. Mar. 19, 2024)] from the 36th District Court of Wayne County] from State to Federal [court].").

---

*Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 13 (2022). "This Court is taking judicial notice of counsel's bar license and law-firm profile because "the information . . . is verifiable in public records." *McNeal v. Found. Radiology Grp., PC*, 672 F. Supp. 3d 387, 388 n.2 (E.D. Mich. 2023) (first citing *Bormuth v. Cnty. of Jackson*, 870 F.3d 494, 501 (6th Cir. 2017); and then citing *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.")).

But this case was not removed from state court; it is an original proceeding. Plaintiffs filed a complaint to initiate this lawsuit. *See generally* ECF No. 1. They did not file a notice of removal and thus proceed as plaintiffs, not as defendants. *See also* 28 U.S.C. § 1446(a) (permitting removal by "[a] defendant or defendants").

In sum, Plaintiffs have neither perfected service of process nor explained their failure to do so.

### 6. Factors for Extending Time for Service

"Yet, even without good cause, this Court may extend the deadline for service of process after considering the following seven factors":

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Perlick Corp. v. Glastender, Inc.*, 622 F.Supp.3d 557, 559 (E.D. Mich. Aug. 18, 2022) (citing *United States v. Oakland Physicians Med. Ctr.*, 44 F.4th 565, 569 (6th Cir. 2022)).

The factors do not warrant an extension here. First, an extension would be well beyond the timely service of process; Plaintiffs have failed to perfect service after six months—twice the time permitted by Civil Rule 4(m)—despite clear instructions and multiple extensions. Second, an extension of time would prejudice Defendants by prolonging the litigation without proper service, causing unnecessary delays and hindering their ability to defend against the suit effectively. Third, there is no indication that Defendants had actual notice of the lawsuit. Fourth, this Court's refusal to extend time for service does not substantially prejudice Plaintiffs; they have not demonstrated that their lawsuit would be time-barred if the extension is not granted, nor have they shown any diligence in correcting the deficiencies in service. Fifth, Plaintiffs have not made any good-faith efforts to perfect service of process or to correct their deficiencies with diligence; their repeated improper filings and failure to follow clear instructions demonstrate a lack of good-faith diligence. Sixth, though Plaintiffs are *pro se* litigants deserving of additional latitude, their persistent noncompliance and disregard for procedural rules go beyond mere inexperience and suggest a willful disregard for this Court's orders and instructions. Seventh, there are no equitable factors that warrant an extension in this case. Plaintiffs have been given ample opportunity to correct their deficiencies and have failed to do so. Granting an extension would only reward their lack of diligence and further delay the resolution of this case.

For failure to prosecute, this case will be dismissed without prejudice. *See* FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b).

## V. POSTDISMISSAL IMPLICATIONS

Plaintiffs may not appeal *in forma pauperis*, because an appeal from this order would be frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## VI. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Reconsideration, ECF No. 36, is **DENIED**.

Further, it is **ORDERED** that Plaintiffs' Second Amended Complaint, ECF No. 38, is **STRICKEN**.

Further, it is **ORDERED** that Plaintiffs' Amended Complaint, ECF No. 6 is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiffs' Motion to Change Venue, ECF No. 41, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiffs are **DENIED** a certificate of appealability and leave to appeal *in forma pauperis*.

**This order closes the above-captioned case**.

> */s/Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated:  6/14/2024