No. 24-1565

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 6, 2025
KELLY L. STEPHENS, Clerk

MICHELL LOVE; SHEIKESS M. LOVE BEY, I,

    Plaintiffs-Appellants,

v.

MICHIGAN PROPERTY RESOURCES, et al.,

    Defendant-Appellees.

O R D E R

Before: READLER, Circuit Judge.

Michell Love, proceeding pro se, appeals the district court's judgment dismissing her first amended complaint, without prejudice, for failure to effect timely service and failure to prosecute. Pursuant to Federal Rule of Appellate Procedure 24(a)(5), Love moves to proceed in forma pauperis (IFP) on appeal. She has also filed an emergency motion to declare all state court rulings moot and for an indictment to issue against certain state court judges and officials. Because Love's appeal lacks an arguable basis, the motions are denied.

In 2023, Love sued Michigan Property Resources and Angela W. Montgomery, purporting to assert claims for perjury and fraud under 18 U.S.C. §§ 1001 and 1621 in connection with real property leased by the defendants to Love. Love then amended her complaint once as of right. *See* Fed. R. Civ. P. 15(a)(1). The district court granted Love leave to proceed IFP and directed her to provide the requisite documentation to allow the United States Marshals Service to serve the defendants.

Roughly five months later, without having perfected service on the defendants, Love filed a second amended complaint, adding six new defendants and a conspiracy claim. Love also filed various motions (e.g., a motion to freeze the defendants' assets).

In an order dated May 7, 2024, the district court struck Love's second amended complaint as filed without leave, denied her outstanding motions without prejudice, directed her to serve the defendants with her first amended complaint on or before May 20, 2024, and gave her specific instructions on how to properly serve the defendants. Love was warned that the failure to properly serve defendants would result in dismissal of her case.

Love then filed a brief in which she attempted to explain why she did not serve the defendants. She claimed that the defendants rejected mail delivery at their P.O. boxes and were "listing false addresses on public and state records" and that she failed to perfect service "because of a Marshal Service error on [her] [a]ddress," which delayed her receipt of certain court filings. Love also refiled her stricken second amended complaint without leave.

On June 14, 2024, the district court again struck Love's second amended complaint and dismissed her first amended complaint without prejudice under Federal Rule of Civil Procedure 4(m) for failure to effect timely service of process and Federal Rule of Civil Procedure 41(b) for failure to prosecute. The court reasoned that Love's repeated failure to comply with its directives to properly serve the defendants and her inability to show good cause for the failure warranted dismissal. The court also declined to extend the deadline for service of process.

This court will grant an IFP motion if it is persuaded that the appeal is being taken in good faith, i.e., that the issues to be raised are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445-46 (1962). An issue is frivolous if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Love has no non-frivolous argument that the district court abused its discretion by dismissing her first amended complaint after she failed to timely serve the defendants and failed to show good cause for not doing so. Rule 4(m) requires a plaintiff to serve the summons and complaint upon each defendant within 90 days after the complaint is filed, unless the plaintiff demonstrates good cause for the failure. *See* Fed. R. Civ. P. 4(m); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). And Rule 41(b) provides for the involuntary dismissal of a complaint where the plaintiff has failed to prosecute his case or to comply with court rules or orders. When determining whether dismissal for failure to prosecute was an appropriate exercise of discretion, a reviewing

No. 24-1565
- 3 -

court should consider the following four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted).

The second factor is inapplicable here because the defendants were never served, but Love has no arguable basis to challenge the district court's conclusion that the other factors support dismissal of her case. As to the first factor, Love was at fault because she ignored the district court's service-of-process instructions and did not avail herself of the extension that she had been granted to serve the defendants. Indeed, instead of heeding the court's instructions on how to properly serve the defendants, Love—twice—improperly filed a second amended complaint without leave of court and filed multiple premature motions. At a minimum, Love's flouting of the court's directives and civil rules shows a "reckless disregard for the effect of [her] conduct on [her judicial] proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted). Regarding the third factor, the district court warned Love that the failure to effect timely service would result in the dismissal of her complaint "without prejudice under Civil Rules 4(m) and 41(b)." And as to the fourth factor, the district court considered less drastic sanctions: it stated that it required Love to pay to serve process, denied her various motions without prejudice, and granted extensions to correct deficiencies. As for good cause, the district court appropriately found none: it rejected any suggestion by Love that she was unable to locate the defendants' addresses, as they are readily available online. And Love's argument in her IFP application that she has "no control over how long it may take" for the defendants to send the signed return receipts does not demonstrate good cause because she failed to provide valid addresses for the defendants in the first instance and failed to request a return receipt along with the summons in any event.

Finally, Love has no good faith argument that the district court abused its discretion in declining to extend the deadline for service of process. *See Nafziger v. McDermott Int'l, Inc.*, 467

No. 24-1565
- 4 -

F.3d 514, 521 (6th Cir. 2006).  The district court appropriately considered the relevant factors, *see United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022), and emphasized that she has "been given ample opportunity to correct [her] deficiencies and ha[s] failed to do so."  Thus, "[g]ranting an extension would only reward [her] lack of diligence and further delay the resolution of this case."  Indeed, Love failed to perfect service for over six months despite being given instructions and an extension.

Because Love's appeal lacks an arguable basis in law and fact, her motion for leave to proceed IFP is **DENIED**.  Love's emergency motion is also **DENIED**.  Unless Love pays the $605 appellate filing fee to the district court within 30 days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 03/06/2025.

**Case Name:** Michell Love, et al v. Michigan Property Resources, et al
**Case Number:** 24-1565

**Docket Text:**
ORDER filed: Love's appeal lacks an arguable basis in law and fact, her motion for leave to proceed IFP [7201858-2] is DENIED. Love's emergency motion [7294517-2] is also DENIED. Unless Love pays the $605 appellate filing fee to the district court within 30 days of the entry of this order, this appeal will be dismissed for want of prosecution. Chad A. Readler, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Ms. Sheikess M. Love Bey I
P.O. Box 7391
Detroit, MI 48207

Ms. Michell Love
P.O. Box 7391
Detroit, MI 48207

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix